**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Northern Division

| | | |
|---|---|---|
| JEFFREY F. and DONNA LAWRENCE | : | |
| Plaintiffs, | : | |
| v. | : | C.A. NO. RDB02-CV-3224 |
| THE "IMAGINE…!" YACHT, LLC, et al. | : | |
| Defendants. | : | |
| THE "IMAGINE…!" YACHT, LLC, et al. | : | |
| Third Party Plaintiffs, | : | |
| v. | : | |
| SHER & BLACKWELL, LLP | : | |
| Third Party Defendant. | : | |

**MOTION OF THIRD PARTY DEFENDANT SHER & BLACKWELL, LLP FOR SUMMARY JUDGMENT**

Third party defendant Sher & Blackwell, LLP, by and through its attorneys, Mesirow & Stravitz, PLLC, hereby moves under Fed. R. Civ. Proc. 56 for summary judgment against third party plaintiffs The "IMAGINE. . .!" Yacht, LLC and Latitude 38 LLC with respect to all third party claims.

For the reasons stated in the attached Memorandum of Points and Authorities in Support of Third Party Defendant Sher & Blackwell, LLP's Motion for Summary Judgment, there is no genuine issue as to any material fact, and third party defendant is entitled to judgment as a matter

of law.  Accordingly, Sher & Blackwell, LLP respectfully requests summary judgment on all claims by both third party plaintiffs.

     A draft Order is attached.

                        Respectfully submitted,

                        MESIROW & STRAVITZ, PLLC

           By:    /s/
                    Eric N. Stravitz, Esq.
                    Bar No.:  023610
                    2000 Massachusetts Avenue, N.W.
                    Suite 200
                    Washington, D.C. 20036
                    202-463-0303; 202-861-8858 Fax

                    Counsel for Third Party Defendant
                    Sher & Blackwell, LLP

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| JEFFREY F. and DONNA LAWRENCE | : | |
| Plaintiffs, | : | |
| v. | : | C.A. NO. RDBG02-CV-3224 |
| THE "IMAGINE…!" YACHT, LLC, et al. | : | |
| Defendants. | : | |
| | | |
| THE "IMAGINE…!" YACHT, LLC, et al. | : | |
| Third Party Plaintiffs, | : | |
| v. | : | |
| SHER & BLACKWELL, LLP | : | |
| Third Party Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Third party defendant Sher & Blackwell, LLP ("Sher & Blackwell") files this Memorandum of Points and Authorities in Support of its Motion for Summary Judgment as to the third party claims filed by defendants/third party plaintiffs The "IMAGINE. . .!" Yacht, LLC ("IMAGINE") and Latitude 38 LLC ("Latitude 38"). For the reasons stated herein, there are no material facts in dispute, and Sher & Blackwell is entitled to judgment as a matter of law.

**1.    Procedural Posture.**

Plaintiff Jeffrey F. Lawrence is a partner in the law firm of Sher & Blackwell. Plaintiff alleges hearing damage caused by the firing of a small cannon by the crew aboard the vessel

"IMAGINE" during a social outing sponsored by Sher & Blackwell on September 16, 2001. Jeffrey Lawrence and his wife, Donna Lawrence, thereafter commenced an action for damages against IMAGINE, the owners and operators of the vessel, and Latitude 38, the charter broker and agent on behalf of IMAGINE. IMAGINE and Latitude 38 then filed third party complaints against Sher and Blackwell.

**2.    The Third Party Complaints and the Charter Agreement.**

The operative language of both third party complaints is in all material respects identical. The relevant language of the third party complaint filed by IMAGINE is set forth below for ease of reference:

> 6.    It is understood and alleged that under the Charter Agreement signed by Third Party Defendant Sher & Blackwell, LLP, Sher & Blackwell, LLP is the charterer of the Yacht "IMAGINE. . .!" for the voyage in question and undertakes certain responsibilities for the safety of its participants, including the Plaintiffs, set forth in the Charter Agreement.
>
> 7.    If the Plaintiff's injuries are found to be caused by the negligence or breach of duty of the charterer, Sher & Blackwell, LLP in attending to the safety of its group of participants on the voyage, Sher & Blackwell, LLP may be directly liable to the Plaintiffs, in whole or in part for their injuries, and accordingly are brought in as a third party defendant under rule 14(c) to raise any defenses, which they may have against the Plaintiffs.

In answering interrogatories propounded by Sher & Blackwell's counsel seeking the basis for the third party complaints, IMAGINE stated that the basis for the claim was condition 5 of the Charter Agreement for the vessel:

> **INTERROGATORY NO. 4**: Identify any language in any contract or document which you contend gives rise to liability on the part of Sher & Blackwell, LLP in this case.
>
> **ANSWER**: The Charter Agreement executed by Lisa Henshaw on behalf of Sher & Blackwell, LLP, on September 13, 2001 gives rise to liability on the part of Sher & Blackwell, LLP. The Charter Agreement provides in condition 5 that Sher & Blackwell, LLP will hold this defendant harmless in the event of injury to any passenger.

In Answering the identical Interrogatory, Latitude 38 referred to its Answer to Sher &

Blackwell's Interrogatory No. 3, which is set forth below:

> **INTERROGATORY NO. 3**: If you contend that Third Party Defendant Sher & Blackwell, LLP acted in such a manner as to cause or contribute to the occurrence, state in detail the basis for such contention.
>
> **ANSWER**: Plaintiff alleges that this defendant owed duties under Paragraph 5 of the Charter Agreement and conditions entitled Guest Areas. Defendant, Latitude 38 contends that third-party defendant, Sher & Blackwell, LLP, is the charterer identified in the Agreement, and therefore any responsibilities of a charterer are those of third-party defendant, Sher & Blackwell, LLP.[1]

The actual language of the referenced condition 5 in the Charter Agreement states in

relevant part as follows:

> 5.     GUEST AREAS:  CHARTERER UNDERSTANDS AND AGREES THAT AT ALL TIMES THE POSSESSION AND USE OF THE PASSENGER AREAS UNDER CARE AND CUSTODY OF THE CHARTERER, WHO AGREES TO KEEP THESE AREAS CLEAN AND SAFE FOR THE BENEFIT OF THEIR GUESTS.  IN THE EVENT ANY GUESTS ARE INJURED IN THE PASSENGER AREAS DURING THE CHARTER, <u>UNLESS CAUSED BY THE NEGLIGENCE OF THE OWNER</u>, THE CHARTERER AGREES TO HOLD OWNER HARMLESS FROM LIABILITY.  (Emphasis added.)

**3.     The Standard for Summary Judgment.**

Fed. R. Civ. Proc. 56 provides that Summary Judgment will be granted when no genuine

dispute of material fact exists and the moving party is entitled to judgment as a matter of law.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  "A fact is material only if it might

affect the outcome of the suit under the governing law, and a dispute about a material fact is

genuine only if the evidence is such that a reasonable jury could return a verdict for the non-

---

[1] IMAGINE answered this identical Interrogatory as follows:  "No such contention at this time."  It has not supplemented this Answer.

moving party." MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1440 (10th Cir. 1996) (*internal quotations omitted*).[2]

**4.      Argument.**

Based on third party plaintiffs' statement of their third party claims against Sher & Blackwell, their theory rests entirely on the language quoted above from condition 5 of the charter agreement. That language demonstrates as a matter of law that the third party claims must be dismissed. Condition 5 states that the charterer (here Sher & Blackwell) indemnifies the owners against liability for injuries to guests. That provision has a caveat, however. The underlined language above states that the charterer shall provide such indemnification "unless [such injury is] caused by the negligence of the owner. . . ." That caveat disposes of the third party complaints, because the theory upon which Plaintiffs have sued IMAGINE and Latitude 38 is one of negligence. Thus, if IMAGINE and Latitude 38 are found negligent, that invokes the caveat to condition 5, and Sher & Blackwell cannot be held liable under that condition. Alternatively, if defendants are not found liable, then there is no derivative liability on the part of Sher & Blackwell upon which a third party complaint could stand. In either case, under defendants' own theory of the case, the very language of the charter agreement provision to which they refer, precludes third party liability on the part of Sher & Blackwell.

All parties agree that condition 5 of the charter party sets forth the circumstances under which Sher & Blackwell could be held liable to the vessel owners. Because that condition includes a caveat that expressly excuses Sher & Blackwell from liability in the only situation under which defendants' third party claims become operative (i.e., if defendants themselves are found negligent), Sher & Blackwell is entitled to judgment as a matter of law. Sher & Blackwell

---

[2] See also, Hawkspere Shipping Co. v. Intamex, 330 F.3d 225, 232 (4th Cir. 2003).

therefore respectfully requests that the Court sign the attached Order dismissing the third party complaints of IMAGINE and Latitude 38 with prejudice.

        Respectfully submitted,

        MESIROW & STRAVITZ, PLLC

By:   /s/
        Eric N. Stravitz, Esq.
        Bar No.: 023610
        2000 Massachusetts Avenue, N.W.
        Suite 200
        Washington, D.C. 20036
        202-463-0303; 202-861-8858 Fax

        Counsel for Third Party Defendant
        Sher & Blackwell, LLP

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| JEFFREY F. and DONNA LAWRENCE : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> THE "IMAGINE…!" YACHT, LLC, et al. : <br> : <br> Defendants. : | C.A. NO.  RDB02-CV-3224 |
| THE "IMAGINE…!" YACHT , LLC, et al. : <br> : <br> Third Party Plaintiffs, : <br> : <br> v. : <br> : <br> SHER & BLACKWELL, LLP : <br> : <br> Third Party Defendant. : | |

**ORDER GRANTING SUMMARY JUDGMENT TO SHER & BLACKWELL, LLP AND AGAINST THE "IMAGINE. . .!" YACHT, LLC AND LATITUDE 38, LLC**

The Court, upon considering the pleadings and arguments submitted by third party defendant Sher & Blackwell, LLP and third party plaintiffs The "IMAGINE. . .!" Yacht, LLC and Latitude 38, LLC, and any hearing thereon, hereby GRANTS the Motion for Summary Judgment filed by Sher & Blackwell, LLP and DISMISSES WITH PREJUDICE the third party complaints filed by The "IMAGINE. . .!" Yacht, LLC and Latitude 38, LLC.

Done this _____ day of _____, 2004, at Baltimore, Maryland.

_____
Honorable Richard D. Bennett