IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| JEFFREY F. LAWRENCE<br>And<br>DONNA LAWRENCE | *<br><br>* | |
| Plaintiffs | * | |
| v. | * | |
| THE "IMAGINE…!" YACHT, LLC<br>And<br>ANNAPOLIS BAY CHARTERS, INC.<br>And<br>LATITUDE 38, LLC | *<br><br>*<br><br>* | |
| Defendants | * | Civil Action # RDB-02-CV-3224 |
| * * * * * | | |
| THE "IMAGINE…!" YACHT, LLC | * | |
| Third Party Plaintiff | * | |
| v. | * | |
| SHER & BLACKWELL, LLP | * | |
| Third Party Defendant | * | |
| * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the "IMAGINE . . . !" Yacht LLC, by its attorneys, Robert H. Bouse, Jr. and Jonathan A. Cusson and pursuant to F.R.C.P. 56, hereby moves for partial

summary judgment on the grounds that there is no dispute of material fact regarding Count III of Plaintiff's Complaint and states as follows:

## SUMMARY OF ARGUMENT

In Count III of his Complaint, Jeffrey Lawrence (Plaintiff) pleaded a claim for relief based on his allegation that the "IMAGINE . . . !" Yacht LLC (Imagine) violated a section of the Code of Maryland Regulations (COMAR) and the Md. Code. This Count is improper because Plaintiff is barred from bringing a private cause of action based on a supposed violation of the statutes at issue. Moreover, the language employed by the legislature demonstrates that the statutorily imposed noise limits are not intended to protect against the harm in this case.

## FACTUAL BACKGROUND

The controversy in the present emanates from allegations by Plaintiff that, while aboard the Imagine yacht, he suffered some hearing loss when the crew fired a signal cannon during a charter outing. *See* Amended Complaint. Specifically, Plaintiff alleges that during the trip he went below deck to retrieve refreshments. *See* excerpt of Plaintiff's deposition, attached as Exhibit 1 (Page 25-7). Shortly thereafter, he contends that he was returning to the outside air when he heard a loud noise. *Id*. (Page 43-4) Despite the fact that some of his fellow guests recall a warning, Plaintiff maintains that the noise came as a surprise to him. *Id*. (Page 45-9) Following the noise, he noticed difficulty with hearing in his left ear. According to Plaintiff, he expected that his hearing would return to normal; however, although his hearing has improved some since the incident, it still troubles him in certain situations. *Id*. (Page 52-5)

2

## ARGUMENT

Pursuant to COMAR 08.18.03.03 (2004) *et seq*. and Md. Code, Natural Resources § 8-725.4, which are essentially identical, "[a] person may not *operate* or give permission to *operate* a vessel on the waters of the State that emits a maximum noise level exceeding 90 db(a)." (emphasis added)  The ensuing subsections of COMAR and the remainder of the Code section both reference the use of mufflers and the manner in which the noise level should be measured.  Neither statute mentions impulse noise and both appear to create minor criminal penalties.

The Maryland Court of Appeals has adopted the Supreme Court test regarding whether violation of a statute conveys a private right of action.  *Staley v. Americorp. Credit Corp.*, 164 F. Supp. 2d 578, 580 (D. MD. 2001).  In determining whether a private cause of action was intended by the legislature, the Maryland courts consider whether the benefits of the rule are intended for the public at large or an individual.  *Id*.  A statute, which confers a general benefit, will not give rise to an individual cause of action.  *Id*. (citing *Sugarloaf Citizens Ass'n Inc. v. Gudis*, 78 Md. App. 550 (1989)).  Moreover, the Maryland courts have been hesitant to recognize a private right of action when confronted with a public safety ordinance.  *Widgeon v. Eastern Shore Hospital Center*, 300 Md. 520, 536 (1984)(citations omitted).  Despite the fact that the *Staley* Court determined that the plaintiff in that case had a cause of action under the statute at issue because she belonged to the subset of the public for whom the Maryland Mortgage Lender Law intended benefits, the same is not true for Plaintiff.

3

Ignoring for a moment the wording of the regulations at issue, which purport to address *operating* a vessel on the waters of the State, Plaintiff is not a member of a small subset of Maryland's population for whom the noise regulations were designed. Rather, the regulations at issue, that Plaintiff contends provide an alternative theory of liability, are meant to protect *anyone* on or around the waters of Maryland from loud vessels. The regulations concerning noise are analogous to the speed limits on the highways – both are general rules meant to protect Marylanders and our guests. The fact that the Department of Natural Resources is empowered to enforce this regulation further bolsters the argument that the noise controls were intended for the good of every individual on Maryland's waters. Simply put, COMAR 08.18.03.03 (2004) *et seq*. and Md. Code, Natural Resources § 8-725.4 are designed to insulate the general public from inappropriate continuous noise.

## **CONCLUSION**

The corollary regulations in COMAR and the Maryland Code are meant to protect the public and, as such, do not afford Plaintiff a private right of action. Likewise, the language employed by the legislature demonstrates their intent – to protect the public from vessels that emit a continuous potentially harmful sound level – and, therefore, because the statutes at issue are neither applicable to impulse noise nor do they confer any individual right, Count III of Plaintiff's Complaint is improper.

WHEREFORE, Defendant, the "IMAGINE …!" Yacht, LLC, respectfully requests that the Court enter judgment as a matter of law in its favor with respect to

Count III of the Amended Complaint.

                                          /s/
Robert H. Bouse, Jr. (#01926)
Jonathan A. Cusson (#27095)
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland  21201-4135
(410) 752-1630
***Attorneys for The "IMAGINE…!" Yacht, LLC***

5