# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# <u>NORTHERN DIVISION</u>

| | |
|---|---|
| JEFFREY F. and DONNA LAWRENCE * | |
| Plaintiffs * | |
| v. * | CIVIL ACTION |
| THE "IMAGINE…!" YACHT, LLC, et al. * | NO. RDB-02-CV-3224 |
| * | |
| Defendants * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

THE "IMAGINE…!" YACHT, LLC, et al.     *

      Third-Party Plaintiffs     *

v.     *

SHER & BLACKWELL, LLP     *

      Third-Party Defendant     *

                               *     *     *

### OPPOSITION TO MOTION OF THIRD-PARTY DEFENDANT, <u>SHER & BLACKWELL, LLP FOR SUMMARY JUDGMENT</u>

Third-party plaintiff, Latitude 38º LLC, by and through its attorneys David W. Skeen and Wright, Constable & Skeen, LLP, opposes the Motion of Third-Party Defendant, Sher & Blackwell, LLP for Summary Judgment, and for reasons therefore states:

v. (.)

1. Plaintiffs, Jeffrey F. and Donna Lawrence, alleged in Count II of their Amended Complaint, paragraph 21, that Latitude 38° had contractual liability to the plaintiffs under the Charter Agreement and Conditions, and in particular, paragraph 5 regarding "guest areas."

2. As defendant Latitude 38° LLC was not the "charterer" under the Agreement, whatever obligation flowed to the plaintiffs under paragraph 5 were the obligations of the true charterer, the third-party defendant, Sher & Blackwell, LLP.

3. Accordingly, defendant, Yacht IMAGINE, impleaded the law firm of Sher & Blackwell, LLP as the third-party defendant under Federal Rules of Civil Procedure Rule 14(c) "Admiralty and Maritime Claims." Rule 14(c) permits a defendant to assert both indemnity or contribution claims and also demand judgment against third-party defendant in favor of the plaintiffs requiring third-party defendant to raise any defenses it might have to the claim of the plaintiffs.

4. For the reasons set forth herein in more detail in the Memorandum of Law filed herewith, there is no factual dispute that Sher & Blackwell is the charterer and there are factual disputes as to whether Sher & Blackwell breached its charterer obligations to the plaintiff, and therefore, for both reasons third-party defendant's Motion for Summary Judgment should be denied.

_____/s/_____<br>
David W. Skeen

/s/
Wright, Constable & Skeen, L.L.P.
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, Maryland  21201-3812
(410) 659-1307
Attorneys for Defendant and
Third-Party Plaintiff,
Latitude 38º, LLC

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 10th day March, 2004, copies of defendant, Latitude 38º LLC's Memorandum in Opposition to Motion of Third-Party Defendant, Sher & Blackwell, LLP for Summary Judgment, and attached Memorandum in Support thereof, were served via e-filing and/or mailed, first class, postage prepaid to Murray I. Resnick, Esq. and Prabir Chakrabarty, Esq., Resnick & Abraham, L.L.C., One East Franklin Street, Baltimore, Maryland  21202, Attorneys for Plaintiffs; Robert H. Bouse, Jr., Esq., 201 N. Charles Street, Suite 2000, Baltimore, Maryland  21201-4102, Attorney for defendant, The "Imagine...!" Yacht, LLC., and Eric N. Stravitz, Esq., 2015 R Street, NW, Suite 300, Washington, D.C.  20009,  Attorney for Third-Party Defendant, Sher & Blackwell.

/s/
David W. Skeen #01084

DWS.LATITUDE.LAWRENCE.OPP.3RD.MSJ.lan