**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
<u>NORTHERN DIVISION</u>**

| | | |
|---|---|---|
| JEFFREY F. and DONNA LAWRENCE | * | |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION |
| THE "IMAGINE…!" YACHT, LLC, et al. | * | NO. RDB-02-CV-3224 |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

THE "IMAGINE…!" YACHT, LLC, et al.      *

Third-Party Plaintiffs      *

v.      *

SHER & BLACKWELL, LLP      *

Third-Party Defendant      *

\*      \*      \*

**<u>MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT,
SHER & BLACKWELL, LLP'S MOTION FOR SUMMARY JUDGMENT</u>**

Latitude 38º LLC, third-party plaintiff, opposes third-party defendant, Sher & Blackwell's Motion for Summary Judgment and says:

In Count II of plaintiff's Amended Complaint, plaintiffs Jeffrey and Donna Lawrence assert liability of defendant, Latitude 38º LLC, based on Latitude 38º

v. (.)

LLC's alleged status as a charterer under the Charter Agreement.  Specifically, the plaintiffs allege:

> 21.   Pursuant to paragraph 5 of the Charter Agreement and Condition, Annapolis Bay Charters and Latitude 38º LLC, understood and agreed that at all times they agreed to keep the passenger areas clean and safe for the benefit of their guests.
>
> 22.   By discharging or firing an explosive device without any warning thereof in close proximity to the plaintiff, Jeffrey Lawrence defendants, Annapolis Bay Charters, Inc. and Latitude 38º LLC breached the terms of this Charter Agreement.
>
> 23.   As a result of this breach of their Agreement to keep passenger areas safe for the benefits of their guests, plaintiff, Jeffrey Lawrence, was severely, painfully, and permanently injured, including sustaining a permanent loss of hearing.
>
> Wherefore, plaintiffs, Jeffrey and Donna Lawrence request this Honorable Court to enter a judgment in favor of the plaintiffs and against defendants in the amount of Two Millions Dollars ($2,000,000.00) plus interest, costs and attorneys' fees.

The undisputed facts in this case will show that at all times third-party defendant, the law firm of Sher & Blackwell, LLP, was the charterer under the "Charter Agreement and Conditions."  Accordingly, as a matter of law, any obligations imposed by paragraph 5 of the Charter Agreement are obligations of the law firm of Sher & Blackwell, LLP, and not Latitude 38º LLC.

For this reason in part, defendant, Latitude 38º LLC, sued the law firm of Sher & Blackwell under Federal Rule of Civil Procedure 14(c), specifically tendering Sher & Blackwell, LLP to plaintiffs as an additional defendant.  Rule 14(c) provides as follows:

> (c)   **Admiralty and Maritime Claims**
>
> When a plaintiff asserts an admiralty and maritime claim within the meaning of Rule 9(h), the defendant or person

> who asserts a right under Supplemental Rule C(6)(b)(1) as a third-party plaintiff may bring in a third-party defendant who may be wholly or partially liable either to the plaintiff or to the third-party plaintiff by way of remedy over contribution or otherwise on account of the same transaction, occurrence or series of transactions or occurrences.  In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as third-party plaintiff.

It is undisputed that the claim of the plaintiffs is an admiralty and maritime claim as it is an alleged tort occurring on navigable waters of the United States and the alleged breach of the charterparty is a breach of a maritime contract.  (See Latitude 38° Motion for Summary Judgment p. 8)  In its Answer to the Third-Party Complaint, third-party defendant, Sher & Blackwell LLP "admits that it signed the Charter Agreement for the voyage in question." (p. 6 Sher & Blackwell Answer)  The law firm of Sher & Blackwell, LLP did not answer the underlying Amended Complaint of the plaintiffs as it is required to do under Rule 14(c) so it has presumably not raised any defenses to the plaintiffs' direct claim against it.  Whether plaintiffs have a sustainable claim against Sher & Blackwell may be a matter of factual dispute.  For this reason alone Sher & Blackwell remains as a defendant through the Third-Party Complaint as the plaintiffs assert a direct claim under paragraph 5 against Sher & Blackwell as the charterer.  Paragraph 5 of the Charter Agreement states:

<u>No. 5 Guest Areas</u>:

 Charterer understands and agrees that at all times the possession and use of the passenger areas under care and custody of the charterer, who agrees to keep these area clean and safe for the benefit of their guests.  In the event any guests are injured in the passenger areas during the charter, unless caused by the negligence of the owner, the charterer agrees to hold owner harmless from liability.  In the event the conduct of the charterer, or the guests, interferes with the safe navigation of the vessel, or endangers the vessel, crew, or passengers, the captain shall have the unquestioned right to terminate the voyage.  Under such circumstances there will be no refund of any portion of the charter fee.  Navigation of the vessel and control of the non-passenger areas shall be under the exclusive control of the captain.

The intent of paragraph 5 is clearly to impose some obligation on the group chartering the vessel to regulate and control the behavior of the charterers own guests in the guest areas of the vessel so as not to endanger the vessel, crew or passengers themselves.  This may take the form of insuring that individuals do not drink too much, or perhaps engage in horseplay, or otherwise unsafe practices in the course of the voyage.

 In the present case plaintiffs have made allegations that the owner did not take sufficient steps to warn the guests that a cannon would be shot off, that it would be loud, to cover their ears, and to step back.  The evidence on this point is described in detail in defendant, Latitude's Memorandum in Support of its Motion for Summary Judgment filed herein.  (pp. 4-8)  It is apparent from that analysis that everybody, in one way or another, received the word that the cannon was going to be shot off and took steps to protect themselves, except for the plaintiff, Jeffrey Lawrence.  The plaintiff states that he was down below either getting food on doing something and did not hear the

announcement. The jury is entitled to consider whether the charterer, Sher & Blackwell, should have done more to make sure that its own guests were accounted for and aware of what was about to take place on the vessel. That this could be conduct of the charterer that endangered passengers would be an issue for the jury. In admiralty tort claims the applicable law is comparative fault so that if there is a finding of fault on the part of the owner, there may also be an allocation of a percentage of fault attributable to the plaintiff himself, or to the charterer, Sher & Blackwell, under the circumstances. Accordingly, a summary judgment should not be granted on this issue.

Gilmore & Black, The Law of Admiralty, 2d Ed. 1975 states: "Generally speaking, the voyage charterer is responsible for the consequences of his own misperformance of any of his duties under the charter." (p. 207)  In Schoenbaum, Admiralty & Maritime Law, 2d Ed. describes the division of responsibilities between owner and charterer for personal injuries in the context of cargo handling:

> The favored view in such a case is that where the injury occurs as a result of improper cargo handling operations, the clause in the Charterparty making the charterer responsible for cargo stowage and handling shifts liability onto the charterer. On the other hand, where the liability resulted from acts of omissions of the captain which were not connected to cargo handling, the charterer is entitled to indemnity from the owner.

(p. 212)

If the Charter Agreement imposes some responsibility on the charterer, Sher & Blackwell, for controlling its guests so injuries do not occur, then summary judgment would be inappropriate because Sher & Blackwell is the

charterer and may be liable directly to the plaintiff or to Latitude 38º LLC for contribution. Whether Sher & Blackwell is required to hold owners yacht IMAGINE harmless by virtue of paragraph 5 is an issue between owners and Sher & Blackwell.

    For the above stated reasons, the third-party defendants, Sher & Blackwell's Motion for Summary Judgment dismissing the Third-Party Complaint should be denied.

_____
David W. Skeen

_____
Wright, Constable & Skeen, L.L.P.
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, Maryland  21201-3812
(410) 659-1307
Attorneys for Defendant and
Third-Party Plaintiff,
Latitude 38º, LLC