**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| JEFFREY F. LAWRENCE | * | |
| And | | |
| DONNA LAWRENCE | * | |
| | | |
| Plaintiffs | * | |
| | | |
| v. | * | |
| | | |
| THE "IMAGINE…!" YACHT, LLC | * | |
| And | | |
| ANNAPOLIS BAY CHARTERS, INC. | * | |
| And | | |
| LATITUDE 38, LLC | * | |
| | | |
| Defendants | * | Civil Action # RDB-02-CV-3224 |
| * * * * | * | |
| | | |
| THE "IMAGINE…!" YACHT, LLC | * | |
| | | |
| Third Party Plaintiff | * | |
| | | |
| v. | * | |
| | | |
| SHER & BLACKWELL, LLP | * | |
| | | |
| Third Party Defendant | * | |
| * * * * | * * * * * | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Third-party Plaintiff, the IMAGINE yacht, LLC by its attorneys, Robert H. Bouse, Jr. and Jonathan A. Cusson, hereby responds to Sher & Blackwell's Motion for Summary judgment and states as follows:

## SUMMARY OF ARGUMENT

Sher & Blackwell contend in their Motion that the chartering agreement should be read to shield them from liability in the event that crew of Imagine Yacht was negligent in any way. The language of the charter agreement can be read in that manner or it can be read so that the Imagine does not ask the charterer to absolve them of their liability. Simply put, there is a genuine dispute as to whether the charterer had a duty to warn their guests that the cannon was about to be fired.

## FACTUAL BACKGROUND

The controversy in the present emanates from allegations by Plaintiff that, while aboard the Imagine yacht, he suffered some hearing loss when the crew fired a signal cannon during a charter outing. *See* Amended Complaint. Lisa Henshaw, an employee of the law firm, entered into a contract on behalf of Sher & Blackwell with the Imagine and, in doing so, the firm assumed responsibility, in part, for the safety of its guests. *See* Deposition of Lisa Henshaw, attached as Exhibit 1, at p. 32. Despite the fact that other guests heard a warning from the crew that the signal device was about to be fired, Plaintiff alleges that he heard no such warning. *See* Exhibit 1, at p. 14. The issue raised by Sher & Blackwell's Motion concerns the respective duties of the Imagine Crew and the law firm as "charterer."

## ARGUMENT

The language in section five of the charter agreement is re-printed in the text of Third-party defendant's Motion. It provides that the charterer shall hold the owner harmless in the event that "any guests are injured in the passenger areas" during the duration of the charter voyage. Sher & Blackwell asks the Court to construe the contract in such a way that negligence will not be apportioned to the owner and charterer according to their respective percentage of fault. The language can also be read to provide that the owner is not seeking to contract away its own negligence and that reading is proper in this case.

Lisa Henshaw states that she entered into the charter agreement with the express knowledge and on behalf of Sher & Blackwell. *See* Exhibit 1, at p. 32. She heard the crew of the Imagine announce that they were about to fire the signal cannon. *See* Exhibit 1, at p. 14. The language of the contract at issue undeniably creates some responsibility on the part of the charterer for the safety of its guests. Because Lisa Henshaw executed the charter agreement on behalf of Sher & Blackwell and she, among others, had access to knowledge that may have affected the supposed injury in this case, they had a duty to provide for their guests. The Third-party defendant assumed a duty to hold the Imagine Yacht, as owner, harmless from injuries sustained by guests in and about the passenger areas of the yacht, unless the injury was caused solely by the negligence of the owner. The issue raised by Sher & Blackwell's Motion is whether the Imagine absolved the charterer of all responsibility for the safety of its guests in the event that it was one

percent negligent or, rather, whether the owner simply meant that it did not intend for the charterer to hold it harmless from its own negligence.

WHEREFORE, Third-party Plaintiff, the IMAGINE Yacht LLC, respectfully requests that the Court deny Third-party Defendant Sher & Blackwell's Motion for Summary Judgment because the defendant assumed a responsibility for the safety of its guests by contract and was in possession of sufficient information during the charter to prevent the alleged injury.

Respectfully submitted,

/s/
Robert H. Bouse, Jr.
Jonathan A. Cusson
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 752-1630

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of March, 2004, a copy of the foregoing was electronically filed and electronically mailed, to:

Prabir Chakrabarty, Esquire
Resnick & Abraham, LLC
One E. Franklin Street
Baltimore, MD 21202

Eric N. Stravitz, Esquire
Mesirow & Stravitz, PLLC
2000 Massachusetts Avenue, N.W., Suite 200
Washington, DC  20036

4

David W. Skeen, Esquire
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, MD  21201-3812

_____/s/_____
Jonathan A. Cusson
