**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| JEFFREY F. and DONNA LAWRENCE | : | |
| Plaintiffs, | : | |
| v. | : | |
| THE "IMAGINE…!" YACHT, LLC, et al. | : | C.A. NO.  RDB02-CV-3224 |
| Defendants. | : | |

| | |
|---|---|
| THE "IMAGINE…!" YACHT , LLC, et al. | : |
| Third Party Plaintiffs, | : |
| v. | : |
| SHER & BLACKWELL, LLP | : |
| Third Party Defendant. | : |

**RESPONSE OF THIRD-PARTY DEFENDANT SHER & BLACKWELL LLP TO
LATITUDE 38º LLC'S OPPOSITION TO MOTION OF THIRD PARTY DEFENDANT
SHER & BLACKWELL LLP FOR SUMMARY JUDGMENT**

Third-party defendant Sher & Blackwell LLP ("Sher & Blackwell"), by and through its

attorneys, Mesirow & Stravitz PLLC, hereby responds to third-party plaintiff Latitude 38º LLC's

("Latitude 38º") Opposition to Motion of Third-Party Defendant, Sher & Blackwell, LLP for

Summary Judgment.  For the reasons stated in Sher & Blackwell's Memorandum of Points and

Authorities in Support of Third Party Defendant's Motion for Summary Judgment and those

stated herein, Sher & Blackwell's Motion for Summary Judgment against Latitude 38º should be

granted.

## ARGUMENT

1.     <u>Sher & Blackwell Has Raised All Necessary and Appropriate Defenses</u>.

Latitude 38º argues first that Sher & Blackwell failed to "raise any defenses to the plaintiffs' direct claim against it." Latitude 38º Opposition at 3. The argument fails for three related reasons.

First, and most fundamentally, plaintiffs' Amended Complaint alleges no claim against Sher & Blackwell.[1] Accordingly, there is no such claim against which to defend. Second, to the extent that Latitude 38º relies on its own third-party complaint to state such a claim, Sher & Blackwell answered that complaint, denied liability, and asserted defenses. Third, Latitude 38º's reliance on Federal Rule 14(c) (quoted in Latitude 38º's Opposition at 3-4) is misplaced. Although Latitude 38º does not say so, Sher & Blackwell assumes that Latitude 38 º is asserting that it is, under Rule 14(c), a "defendant or person who asserts a right under Supplemental Rule C(6)(b)(i)[2] as a third-party plaintiff. . . ." Supplemental Rule C(6)(b)states in relevant part:

> (b) Maritime Arrests and Other Proceedings. In an <u>in rem</u> action not governed by Rule C(6)(a):
>
> (i) <u>A person who asserts a right of possession or any ownership interest in the property</u> that is the subject of the action must file a verified statement of right or interest: [within the stated times]. . . .

Supplementary Admiralty Rule C(6)(b) (emphasis added).

The claim by plaintiffs was not brought *in rem*; it was brought *in personam* against the three named defendants, one of which owns the vessel at issue. No claim was brought against

---

[1] As is discussed immediately below, Rule 14(c) does not apply to this case. Accordingly, if plaintiffs had any claims against Sher & Blackwell, they would have been required to file them in their complaint or under Rule 14(a) after defendants' third party claims were filed. They did neither.

[2] Latitude 38º's Opposition cites the rule as C(6)(b)(1).

the vessel itself.  Accordingly, the rule cited by Latitude 38º by its plain terms does not apply.

Therefore, because paragraph 7 of the Third-Party Complaint is based solely on Rule 14(c), the

allegations under that paragraph (claiming the possibility of direct liability of Sher & Blackwell

to plaintiffs) must be dismissed as a matter of law.

Finally, Latitude 38 º avers at paragraph 3 of its Motion for Summary Judgment that

"Latitude 38 º LLC had no ownership in or operational control over the Yacht IMAGINE which

was owned and operated by co-defendant Yacht Imagine LLC."  Because Latitude 38º itself

disclaims any ownership or possessory interest "in the property that is the subject of the action"

(i.e., the vessel, assuming the action had been brought *in rem*), Latitude 38º would not be

covered by the rule that it cites even if the underlying action had been brought *in rem* and the

rule applied.  Accordingly, the alleged Rule 14 duty of Sher & Blackwell to defend against

plaintiffs does not exist, and there is no issue in this case of direct liability of Sher & Blackwell

to plaintiffs.


2.      <u>All Allegations That Sher & Blackwell Had a Duty To Warn Plaintiffs Are Precluded As
        a Matter of Law</u>.

Latitude 38º's substantive argument in opposition to Sher & Blackwell's Motion for

Summary Judgment is that a jury question exists about whether Sher & Blackwell had a duty to

warn plaintiff Jeffrey Lawrence that the crew of the vessel would fire a cannon and whether, if

such a duty existed, Sher & Blackwell breached that duty.  Opposition at 4-5.  The argument is

without merit as a matter of law and uncontested fact.

(i)  Most fundamentally, plaintiffs have not alleged that Sher & Blackwell is liable to

them, and Latitude 38º's Rule 14(c) allegation that Sher & Blackwell may be directly liable to

plaintiffs is impermissible under that rule.  These two facts dispose, as a matter of law, of all

issues that deal with direct liability of Sher & Blackwell to plaintiffs. Since any duty to warn that Sher & Blackwell could have been claimed to have had would have run to plaintiffs, and there are no live claims that Sher & Blackwell is liable directly to plaintiffs, there is simply no claim to which any theoretical duty to warn might be relevant.

(ii) Given that there is no valid pending allegation that Sher & Blackwell is directly liable to plaintiffs, the only liability asserted against Sher & Blackwell is derivative. That is, Latitude 38º's only properly pled claim against Sher & Blackwell is the allegation that "should defendant, Latitude 38, LLC, be held responsible for negligence or breach of contract as alleged by the plaintiffs, Jeffrey F. and Donna Lawrence, Latitude 38, LLC is entitled to contribution or indemnity . . . from third-party defendant Sher & Blackwell, LLP." Latitude 38º Third-Party Complaint at ¶8. As is the case with defendant The "IMAGINE!" Yacht LLC, Latitude 38º relies entirely on clause 5 of the charter party as the basis for Sher & Blackwell's alleged liability. The entire clause reads as follows:

> GUEST AREAS:  CHARTERER UNDERSTANDS AND AGREES THAT AT ALL TIMES THE POSSESSION AND USE OF THE PASSENGER AREAS UNDER CARE AND CUSTODY OF THE CHARTERER, WHO AGREES TO KEEP THESE AREAS CLEAN AND SAFE FOR THE BENEFIT OF THEIR GUESTS.  IN THE EVENT ANY GUESTS ARE INJURED IN THE PASSENGER AREAS DURING THE CHARTER, UNLESS CAUSED BY THE NEGLIGENCE OF THE OWNER, THE CHARTERER AGREES TO HOLD OWNER HARMLESS FROM LIABILITY.  IN THE EVENT THE CONDUCT OF THE CHARTERER, OR THE GUESTS, INTERFERES WITH THE SAFE NAVIGATION OF THE VESSEL, OR ENDANGERS THE VESSEL, CREW, OR PASSENGERS, THE CAPTAIN SHALL HAVE THE UNQUESTIONED RIGHT TO TERMINATE THE VOYAGE.  UNDER SUCH CIRCUMSTANCES THERE WILL BE NO REFUND OF ANY PORTION OF THE CHARTER FEE.  NAVIGATION OF THE VESSEL AND CONTRIOL OF NON-PASSENGER AREAS SHALL BE UNDER THE EXCLUSIVE CONTROL OF THE CAPTAIN.  (emphasis added)

Latitude 38º's reliance on clause 5 is misplaced.

As Sher & Blackwell discussed in its Memorandum in Support of Summary Judgment, the plain language of clause 5 absolves Sher & Blackwell from any duty to indemnify if any injury to a guest is "caused by the negligence of the Owner. . . ." Latitude 38°'s only properly stated theory is based on derivative liability (i.e., Sher & Blackwell is liable if Latitude 38° is liable). Accordingly, in the only situation in which Sher & Blackwell could be liable in this case (i.e., derivatively liable in the event that the direct defendants are held liable), clause 5 states the fact of the Owner's liability as a bar to any liability on the part of Sher & Blackwell. In other words, with respect to third party complaints that are derivative in nature, the charter party excludes any duty on the part of Sher & Blackwell to contribute or indemnify. Latitude 38° does not even acknowledge, much less address, this argument, which was the primary basis for Sher & Blackwell's motion to dismiss.

Because the only live issue before the Court on the cross motions for summary judgment filed by Sher & Blackwell and Latitude 38° is one of contribution or indemnity – not direct liability to the plaintiffs—Latitude 38°'s discussion of comparative liability (Opposition at 5) is irrelevant. That discussion might be relevant if plaintiffs had claimed against Sher & Blackwell or if Latitude 38° were a proper party to a Rule 14(c) third-party complaint that raised a claim on behalf of plaintiffs. As is discussed above, however, neither of those circumstances exists. Accordingly, the rights of plaintiffs about which Latitude 38° professes such concern are not implicated in the cross motions of Sher & Blackwell and Latitude 38°.

(iii) Finally, even if the duty to warn issue were not precluded by (a) the absence of any live claim that Sher & Blackwell owed a duty to plaintiffs and (b) the indemnity bar in clause 5 of the charter party, the law would not support a duty to warn under the uncontested facts of this case.

The duty to warn in maritime negligence cases has been succinctly summarized as follows:

> In analyzing a maritime tort case, we rely on general principles of negligence law. *S.C. Loveland, Inc. v. East West Towing, Inc.*, 608 F.2d 160, 165 (5th Cir. 1979). The plaintiff is owed a duty of ordinary care. A defendant's failure to warn the plaintiff does not breach that duty, however, unless the resultant harm is reasonably foreseeable. Liability for a failure to warn thus arises from foreseeability, or <u>the knowledge that particular conduct will create danger</u>.

*Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980) (emphasis added).

Given that the touchstone for a duty to warn is knowledge of the damage that might be caused by a particular action (not just that the action might or will occur), it is absurd to suggest that a group of people that hired a captained and crewed vessel for a three hour tour had a duty to warn one of their party of the danger presented by the firing of a cannon, with which the group was unfamiliar, by crew members with whom the party had no relationship or prior dealing. The presence of the cannon on board the vessel was unknown to Sher & Blackwell until immediately before its discharge. The uncontested facts similarly show that any warning given by the crew was given immediately before the discharge of the cannon. The cannon was in the sole custody and control of the crew, who, it appears from clause 5 of the charter party, were "under the exclusive control of the captain." Since the captain and crew were exclusively in a position to know: (1) when and in what direction the cannon would be fired, (2) from which parts of the vessel a previously unwarned guest might emerge in the vicinity of the cannon, and (3) how loud the cannon was, there are simply no facts from which a reasonable jury could find that Sher & Blackwell had a duty to warn plaintiff Jeffrey Lawrence. Accordingly, were the Court to find that a claim survived that asserted a duty to warn (and there is none) on the part of Sher & Blackwell, its Motion for Summary Judgment should still be granted because the law imposes no such duty on Sher & Blackwell under the uncontested facts of this case.

For all of the reasons stated in its motion for summary judgment, the memorandum of points and authorities in support thereof, and this Response, Sher & Blackwell respectfully moves this Court to grant its motion for summary judgment against Latitude 38º.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

By:     /s/ _____
           Eric N. Stravitz, Esq.
           Bar No.: 023610
           2000 Massachusetts Avenue, N.W.
           Suite 200
           Washington, D.C. 20036
           202-463-0303; 202-861-8858 Fax

           Counsel for Third-Party Defendant
           Sher & Blackwell, LLP