**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| JEFFREY F. and DONNA LAWRENCE : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> THE "IMAGINE…!" YACHT, LLC, et al. : <br> : <br> Defendants. : <br> <br> THE "IMAGINE…!" YACHT , LLC, et al. : <br> : <br> Third Party Plaintiffs, : <br> : <br> v. : <br> : <br> SHER & BLACKWELL, LLP : <br> : <br> Third Party Defendant. : | C.A. NO.  RDB02-CV-3224 |

**MOTION TO STRIKE THE IMAGINE YACHT LLP'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF SHER & BLACKWELL LLP, OR IN THE ALTERNATIVE, REPLY OF THIRD PARTY DEFENDANT SHER & BLACKWELL LLP TO THE IMAGINE YACHT LLP'S RESPONSE TO MOTION FOR SUMMARY <u>JUDGMENT OF SHER & BLACKWELL LLP</u>**

Third-party defendant Sher & Blackwell LLP ("Sher & Blackwell"), by and through its attorneys, Mesirow & Stravitz PLLC, hereby moves to strike third-party plaintiff The "IMAGINE . . .!" Yacht, LLC's ("IMAGINE") Response to Motion for Summary Judgment of Sher & Blackwell LLP ("IMAGINE's Response" or "its Response") as untimely, or in the alternative, replies thereto.  For the reasons stated in Sher & Blackwell's Memorandum of Points and Authorities in Support of Third-Party Defendant's Motion for Summary Judgment, and the

reasons stated herein, Sher & Blackwell's Motion for Summary Judgment against IMAGINE should be granted.

1.      **The Response Should Be Stricken As Untimely.**

Sher & Blackwell filed its Motion for Summary Judgment on February 26, 2004. Local Rule 105(2)(a) provides that "Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen days of service of the motion . . . ." Under Federal Rule of Civil Procedure 6(e), IMAGINE was entitled to an additional three days to file its Response because the motion was served through electronic filing. Accordingly, IMAGINE's Response was due no later than March 15, 2004. It was not, however, filed until March 16, 2004. No extensions were requested or granted. IMAGINE's Response should therefore be stricken.

2.      **The Motion For Summary Judgment Should Be Granted.**

The sole basis asserted by IMAGINE in its "Memorandum of Law in Support of Motion for Summary Judgment" [sic] ("Memorandum") is that Sher & Blackwell could be held responsible for plaintiff's injuries under clause 5 of the Charter Agreement. Specifically, IMAGINE argues that the motion for summary judgment should be denied because "there is a genuine dispute as to whether the charterer had a duty to warn their guests that the cannon was about to be fired." IMAGINE's Memorandum at 2. IMAGINE does not, however, allege that there are any material facts in dispute relevant to resolving this legal issue of contract interpretation. As such, the matter is ripe for summary judgment. *See, e.g., USAA Casualty Insurance Co. v. Mummert*, 213 F.Supp.2d 538, 541 (D.Md. 2002) ("The interpretation of a written contract ordinarily is a question of law for the court.")

As a matter of law, IMAGINE's assertion that Sher & Blackwell could be liable for an injury resulting from the negligence of the owner under the terms of the Charter Agreement must fail. According to IMAGINE, "[t]he Third-party defendant assumed a duty to hold the Imagine Yacht, as owner, harmless from injuries sustained by guests in and about the passenger areas of the yacht, unless the injury was caused <u>solely</u> by the negligence of the owner." Memorandum at 3 (emphasis added). This is a plain misstatement of the charter's terms.

Clause 5 of the Charter Agreement included an indemnification clause whereby Sher & Blackwell agreed to hold the owner harmless in the event that guests were injured in the passenger areas during the course of the voyage. That indemnification, however, explicitly did not apply to injuries "caused by the negligence of the owner." By its plain terms, the indemnity is inapplicable if the owner was negligent. It does not require that the injury be caused by the sole negligence of the owner. The meaning is clear from the words of the contract and the plain meaning of those words must be given effect. *USAA Casualty Insurance Co.*, 213 F.Supp.2d at 241 ("Where the language of the contract is unambiguous, its plain meaning will be given effect.") IMAGINE is not permitted to add words to the contract in order to achieve a more desirable result. Even if the clause could be considered ambiguous and open to differing interpretations, any ambiguities should be construed against the third-party plaintiffs as the drafter. *See TecArt Industries, Inc. v. National Graphics, Inc.*, 198 F.Supp.2d. 719, 726 (D. Md. 2002) ("It is well established that doubts in the interpretation of a contract must be resolved against the drafter.")

Even if clause 5 could be construed in the manner suggested by IMAGINE, even when the facts are construed in a light most favorable to the non-moving party, there is nothing in the record from which it could be inferred that Sher & Blackwell was negligent in failing to warn

3

Jeffrey Lawrence that a cannon was about to be fired. The duty to warn in maritime negligence cases has been succinctly summarized as follows:

> In analyzing a maritime tort case, we rely on general principles of negligence law. *S.C. Loveland, Inc. v. East West Towing, Inc.*, 608 F.2d 160, 165 (5th Cir. 1979). The plaintiff is owed a duty of ordinary care. A defendant's failure to warn the plaintiff does not breach that duty, however, unless the resultant harm is reasonably foreseeable. Liability for a failure to warn thus arises from foreseeability, or <u>the knowledge that particular conduct will create danger</u>.

*Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980) (emphasis added).

Given that the touchstone for a duty to warn is knowledge of the damage that might be caused by a particular action (not just that the action might or will occur), it is absurd to suggest that a group of people that hired a captained and crewed vessel for a three hour tour had a duty to warn one of their party of the danger presented by the firing of a cannon, with which the group was unfamiliar, by crew members with whom the party had no relationship or prior dealing. The presence of the cannon on board the vessel was unknown to Sher & Blackwell until immediately before its discharge. The uncontested facts similarly show that any warning given by the crew was given immediately prior to the discharge of the cannon. The cannon was in the sole custody and control of the crew, who, it appears from clause 5 of the charter party, were "under the exclusive control of the captain." Since the captain and crew were exclusively in a position to know: (1) when and in what direction the cannon would be fired, (2) from which parts of the vessel a previously unwarned guest might emerge in the vicinity of the cannon, and (3) how loud the cannon was, there are simply no facts from which a reasonable jury could find that Sher & Blackwell had a duty to warn plaintiff Jeffrey Lawrence.

Accordingly, were the Court to find that a claim survived that asserted a duty to warn (and there is none) on the part of Sher & Blackwell, its Motion for Summary Judgment should

still be granted because the law imposes no such duty on Sher & Blackwell under the uncontested facts of this case.

For all of the reasons stated in its Motion for Summary Judgment, the Memorandum of Points and Authorities in Support thereof, and in this Reply, Sher & Blackwell respectfully moves this Court to grant its Motion for Summary Judgment against IMAGINE.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

By: /s/
Eric N. Stravitz, Esq.
Bar No.: 023610
2000 Massachusetts Avenue, N.W.
Suite 200
Washington, D.C. 20036
202-463-0303; 202-861-8858 Fax

Counsel for Third-Party Defendant
Sher & Blackwell, LLP

5