### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

JEFFREY F. and DONNA LAWRENCE          *

     Plaintiffs                                              *

v.                                                              *

THE "IMAGINE...!" YACHT, LLC, et al      *          CIVIL ACTION

     Defendants                                           *          NO. RDB-02-CV-3224

    *   *   *   *   *   *   *   *   *

THE "IMAGINE...!" YACHT, LLC, et al      *

     Third-Party Plaintiffs                          *

v.                                                              *

SHER & BLACKWELL, LLP                        *

     Third-Party Defendant                         *

    *   *   *   *   *   *   *   *   *   *   *

### SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, Jeffrey F. and Donna Lawrence, by and through their

counsel Murray I. Resnick, Prabir Chakrabarty and Resnick & Abraham, L.L.C., and hereby files

this Surreply In Support of its Opposition to Defendant, Latitude 38 LLC D/B/A Annapolis Bay

Charters' (hereinafter referred to as "Annapolis Bay Charters") Motion for Summary Judgment,

and as reasons therefore, state as follows:

### INTRODUCTION

Summary Judgment is inappropriate in the present case because there is a dispute of fact

about the control exercised by Annapolis Bay Charters as a Manager for the schooner

"IMAGINE" ("IMAGINE") owned by Imagine Yacht.  Defendant breached its duty of care to

Plaintiffs Jeffrey and Donna Lawrence by failing to ensure that the vessel was properly and

sufficiently manned by individuals who were competent and adequately trained, experienced,

supervised and equipped for the task at hand.  Specifically, Annapolis Bay Charters failed to warn

Jeffrey Lawrence that the crewmembers of the IMAGINE would fire or discharge an explosive

device in close proximity to the passengers that could cause him permanent hearing loss.


**ARGUMENT**

**I.      Defendant Fails To Address The Conflicting Testimony of Witnesses for Annapolis Bay Charters and The IMAGINE Yacht Regarding the Control Exercised by Annapolis Bay Charters As Managers Of The Schooner "Imagine".**

The conflicting deposition testimony of witnesses in this matter clearly creates disputes of

genuine issues of material fact regarding Annapolis Bay Charter's negligence.  Defendant's Reply

fails to address these factual disputes in the testimony of their witness and the witnesses for the

Imagine.  Michael Bagley, owner of he schooner "IMAGINE" unambiguously asserts that,

"[Annapolis Bay Charters] were our managing agent". See Exhibit B (previously submitted with

Plaintiff's Opposition to Motion For Summary Judgment), at p.11.  Defendant's own witness,

Krystal Davis, concedes that Annapolis Bay Charters was paid a higher commission due to the

fact that they managed all aspects of Defendant Imagine Yacht's business. See Exhibit A at p.

46-7.  Mr. Bagley goes as far as to state that, "they would basically manage our comings and

goings." See Exhibit B at p. 73.  Clearly, this is different from a mere booking agent

responsibilities and involves operational control of the vessel "Imagine".

Annapolis Bay Charter's management of the schooner "IMAGINE" included managing the calendar for the boat, blocking out dates for charter clients, handling payments to the vessel. See Exhibit A at page 46. Annapolis Bay Charters received a 10% commission, which was a higher commission than they would receive if they were an agent. See Exhibit A at page 46. In light of this fact, Michael Bagley eventually discontinued the relationship due to its excessive cost. See Exhibit B at pp. 11-12.

The significance of the dispute over the control exercised by Annapolis Bay Charters over the schooner "Imagine" and its crew is integral to their "duty of care" and their defense that they were merely "a chartering broker" or "booking agent". See Annapolis Bay Charter's Motion for Summary Judgment at p. 9.

## II.    Defendant Ignores Case Law That Finds That A Charterer Owes An Independent Duty to Passengers.

Annapolis Bay Charters tries to factually distinguish the case of Chan v. Society Expeditions. 123 F.3d 1287 (9th Cir. 1997)("Chan"). Even if there are factual differences with Plaintiff's case, the case found a charterer liable where it had a right or ability to control the actions of the crew. Id. at 1293-94. But, Chan is not the only case that asserts the principle that a chartering entity is liable to an injured plaintiff. Hodgen v. Forest Oil Corp, et. al., 87 F.3d 1512 (5th Cir. 1996)("Hodgen"), an oft-cited opinion from the Fifth Circuit, found that a time charterer may be held liable regardless of whether the vessel owner owes a primary duty or a high standard

of care to the injured plaintiff. [1]  Id. at 1517.  Whereby, the Court held that the vessel owner's liability does not affect the independent duty owed by the time charterer.

The Fifth Circuit explained that a time charterer owes a hybrid duty arising from tort and contract law to exercise the control the charter affords it over the timing, route, and cargo of a vessel's journey in a reasonably prudent manner.  Id.   The extent of the operational control exercised by Annapolis Bay Charters is clearly a dispute of material fact.  As the schooner IMAGINE's owner Michael Bagley states, he was not independently sailing for anybody but Annapolis Bay Charters, in fact they had an "exclusive arrangement for corporate charters."  See Exhibit B at p. 15.  The present matter presents a unique factual scenario where Annapolis Bay Charters exercises a greater level of operational control than was exercised by any of the authorities cited by Defendant.  See Plaintiff's Opposition at p. 8.

Consequently, Annapolis Bay Charters owed Plaintiff Jeffrey Lawrence a duty to warn him of dangers aboard Plaintiff's ship.  As Plaintiff Jeffrey Lawrence's testimony indicates, the crew did not take adequate precautions to warn the passengers that a cannon would be fired.  See Exhibit E at pp. 47-48.  Annapolis Bay Charter's own president, James Lee, states in his affidavit states that he was not aware of the use of any cannon on board the Yacht Imagine prior to its discharge on this vessel but states that he assumed that the captain and crew would discharge it only after advising passengers that it would be loud and to move away from it and to cover their ears.  See Exhibit G.  Therefore, by this affidavit Mr. Lee admits that there was a breach of the standard of care by the crew of the IMAGINE.

---

[1] Hodgen concerned a worker who suffered a spinal injury when he attempted to transfer in rough seas from a platform owner's platform to a chartered vessel.  Id. at 1512.

Annapolis Bay Charters breached its duty as even a cursory discussion or investigation of the Imagine schooner would have informed them of the crew of the Imagine Yacht's practice of firing a cannon on board the vessel.  From the Defendant's own testimony, Defendant did not take even the smallest available measures to protect the safety of passengers aboard their managed vessels. See Exhibit A at p.14.

WHEREFORE, for the foregoing reasons, Plaintiff Jeffrey Lawrence requests that Defendants' Motions for Summary Judgment and Partial Motion for Summary Judgment be denied.

____/s/_____

Prabir Chakrabarty
Murray I. Resnick
Resnick & Abraham, L.L.C.
One East Franklin Street
Baltimore, MD 21202
(410) 539-6087

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this 7th day of April 2004, a copy of the foregoing Surreply to Reply to Opposition to Motion for Summary Judgment, was served via e-filing and/or mailed, first class, postage prepaid to David W. Skeen, Esquire, Wright, Constable & Skeen, L.L.P., One Charles Center, 16th Floor, 100 N. Charles Street, Baltimore, Maryland 21201-3812, Attorneys for Defendant and Third-Party Plaintiff.


                                            /s/
                                            Prabir Chakrabarty