### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### **NORTHERN DIVISION**

| | | |
|---|---|---|
| JEFFREY F. and DONNA LAWRENCE | * | |
| Plaintiffs | * | |
| | | CIVIL ACTION |
| v. | * | |
| | | NO. RDB-02-CV-3224 |
| THE "IMAGINE…!" YACHT, LLC, et al. | * | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

| | |
|---|---|
| THE "IMAGINE…!" YACHT, LLC, et al. | * |
| Third-Party Plaintiffs | * |
| v. | * |
| SHER & BLACKWELL, LLP | * |
| Third-Party Defendant | * |
| | \* \* \* |

### **LATITUDE 38° LLC'S MEMORANDUM IN OPPOSITION**
### **TO MOTION TO FILE SURREPLY**

In a further attempt to create an issue of fact where none exists, Plaintiffs raise again the deposition testimony of Michael Bagley, the part owner of the schooner yacht IMAGINE. Mr. Bagley stated that defendant, Latitude 38° LLC (hereinafter "Latitude"), was his "managing agent" and managed the "comings and goings" of the yacht. (Surreply memo. p. 2) This issue was

153946 v. (99998.00001)

previously raised by plaintiffs in their Opposition Brief p. 2 and was also previously addressed by defendant, Latitude, in its Reply to Plaintiff's Opposition pp. 2-3.  The facts of what Latitude did and did not do are undisputed.  Latitude booked the trip, hired the caterer, told the vessel where and when to show up, how many passengers were going on the trip , and collected the money. (Bagley depo. plaintiffs' Ex. B, pp. 73-74)  Whether Latitude is called a booking agent, chartering agent, or managing agent does not change the facts of what Latitude's area of responsibilities were.  A fair reading of the testimony of Krystal Davis, defendant Latitude's employee, does not suggest in any way that she "managed all aspects" of defendant Yacht IMAGINE's business as asserted by plaintiffs.  (Plaintiff's Memorandum p. 2). Rather she explained the two types of financial arrangements (Davis depo. plaintiff's Ex. A, pp. 46-47).  Neither a booking agent nor a managing agent assumes operational responsibility over the crew.  "We book the boats for the— for the client.  And then the owners are the operators of the vessels so they operate the vessel." (Id. pp. 44-45)  Ms. Davis was specifically asked about training and she testified "The captain and the owner of the boats directly are responsible for their own training." (Id. p. 22)  Bagley's testimony makes it clear that he is only talking about "managing" the bookings or "the calendar" of the boat, not operational aspects of his boat. (Bagley depo. plaintiff's Ex. B pp. 72-73)

      The above testimony does not support plaintiffs' assertion that Latitude had a duty to "insure that the vessel was properly and sufficiently manned by

individuals who were competent and adequately trained, experienced, and equipped for the task at hand." (Plaintiff's Surreply Memo p. 2)  It remains undisputed that Latitude was not a vessel owner and not the employer of the crew, crewing agent, or otherwise had any role at all with respect to the hiring, training, or supervising the crew of the Yacht IMAGINE.

The only thing new in plaintiff's Surreply Memorandum is the citation of what is described as an "oft cited opinion from the Fifth Circuit." (Plaintiffs' Surreply Memo. p. 3)  <u>Hodgen v. Forest Oil Corp. et al.</u>, 87 F.3d 1512 (5th Cir. 1996), is a case in which the time charterer of a crew boat directed its employee Hodgen to use the crew boat to get to an offshore oil drilling platform and perform meter readings rather than to use the helicopter.  Hodgen complained that he did not feel he could make the swing rope transfer off the crewboat in such rough seas and weather.  The time charterer told Hadgen that the helicopter was not available and directed him to "give the vessel a try".  There was no urgency to the trip to the drilling platform.  Hodgen, fearing loss of his job, went on the crewboat and was injured while using the swing rope in rough seas.  The court held that where the time charterer controlled the timing of the trip and knew that the seas were 7-9 feet, the charterer could be held liable to the plaintiff because the timing was the cause of the injury.

In the present case there is no allegation that the "timing" of the voyage had anything to do with the injury as the weather was quite nice that day. Defendant, Latitude, had no control over the timing of when the cannon was fired by the vessel's crew.  In fact, the undisputed evidence is that defendant,

Latitude, had no employees on board, did not even know that Yacht IMAGINE had a cannon or had ever fired a cannon before. The alleged negligence-giving rise to the injury in this case relates only to the alleged operational negligence of the Yacht IMAGINE's crew in failing to track down the plaintiff (who apparently was not listening to the instruction) to make sure he understood that a cannon was to be fired.

Finally, it should be noted that even if the Hodgen case is "off-cited" in the Fifth Circuit it has never been cited in the Fourth Circuit or any of the District Courts in the Fourth Circuit. In fact, it has not been cited in any circuit other than the Fifth. More recently the Fifth Circuit refused to apply the Hodgen case where a worker injured his back while unloading supplies from a grocery box. See Dahlen v. Gulf Cruise, (5th Cir. 2002) 281 F.3d 487, 2002 AMC 566. Because the time charterer had ordered the groceries to be loaded in the box and the groceries were not loaded following the "first in-last out" principle, the plaintiff/worker claimed that he was injured because he had to unload all the groceries of others to get to the back of the box and unload the groceries intended for his employer. The Fifth Circuit rejected this application of the Hodgen case stating that Hodgen, "and all the cases it relied on involved situations where the plaintiff was hurt while transferring from a vessel to a platform or vice versa, and almost always involved perilous weather conditions or rough seas." Id. 575.

Plaintiffs' analysis in this case also overlooks the fact that the time charterer in the present case is the law firm of Sher and Blackwell, LLC not

Latitude. In any event, it is clear that even if such a case did apply in the Fourth Circuit there is simply no causal connection between the "timing" of the trip (which would arguably be a time charterer's responsibility) and the alleged negligent firing of the cannon.

## CONCLUSION

For the above reasons the Motion to File Surreply should be denied and defendant, Latitude 38º LLC's Motion for Summary Judgment should be granted.

/s/
David W. Skeen #01084


/s/
Wright, Constable & Skeen, L.L.P.
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, Maryland 21201-3812
Telephone: (410) 659-1305
Facsimile: (410)659-1350
Attorneys for Defendant and
Third-Party Plaintiff,
Latitude 38º LLC


**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this 23rd day April, 2004, copies of defendant, Latitude 38º LLC's Memorandum in Opposition to Plaintiff's Motion to File Surreply, was served via e-filing and/or mailed, first class, postage prepaid to Murray I. Resnick, Esq. and Prabir Chakrabarty, Esq., Resnick &

Abraham, L.L.C., One East Franklin Street, Baltimore, Maryland  21202, Attorneys for Plaintiffs; Robert H. Bouse, Jr., Esq., 201 N. Charles Street, Suite 2000, Baltimore, Maryland  21201-4102, Attorney for defendant, The "Imagine…!" Yacht, LLC., and Eric N. Stravitz, Esq., 2015 R Street, NW, Suite 300, Washington, D.C.  20009, Attorney for Third-Party Defendant, Sher & Blackwell.

                                            /s/
                              David W. Skeen